```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
    ─────────────────────────────────

    LYDIA DEJESUS,
                                          1:18-cv-13822-NLH-AMD
              Plaintiff,
                                          **ORDER**
         v.

    KIDS ACADEMY, INC.,
    doing business as
    KIDACADEMY LEARNING CENTER,
    and GOLDBIL INVESTMENT CORP.,
    doing business as
    KIDACADEMY LEARNING CENTER,

              Defendants.
    ─────────────────────────────────
```

**APPEARANCES:**

JULIA W. CLARK
ARI R. KARPF
KARPF KARPF & CERUTTI PC
3331 STREET ROAD
TWO GREENWOOD SQUARE
SUITE 128
BENSALEM, PA 19020

   *On behalf of Plaintiff*

**HILLMAN, District Judge**

   WHEREAS this case was brought by Plaintiff Lydia DeJesus on September 12, 2018 against Defendants Kids Academy, Inc. and Goldbil Investment Corp. for their alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq.; and

WHEREAS after Defendants were served with Plaintiff's complaint and failed to respond, on December 3, 2018, Plaintiff requested that the Clerk enter default against Defendants; and

WHEREAS the Clerk entered default on December 4, 2018; and

WHEREAS on February 7, 2019, Plaintiff filed a Motion for Default Judgment; and

WHEREAS a party seeking default judgment "is not entitled to a default judgment as of a right," Franklin v. Nat'l Maritime Union of Am., No. 91-480, 1991 U.S. Dist. LEXIS 9819, at *3-4 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), aff'd, 972 F.2d 1331 (3d Cir. 1992); and

WHEREAS the decision to enter a default judgment is "left primarily to the discretion of the district court," Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984); and

WHEREAS before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *3 (D.N.J. Mar. 14, 2006)); and

WHEREAS the Court has reviewed Plaintiff's Motion for Default Judgment and finds that Plaintiff's Motion for Default

Judgment is deficient because Plaintiff does not include a brief explaining why she is entitled to default judgment, on what claims she is entitled to default judgment, the elements of those claims and how she has shown each of those elements, the appropriate measure of damages under those claims, and what damages she is entitled to,[1] see e.g., Qu Wang v. Fu Leen Meng Restaurant Limited Liability Company, 2018 WL 1027446, at *2 (D.N.J. 2018) (in an employment case, explaining the factors a court must consider in assessing a motion for default judgment); and

---

[1] In order to determine what damages Plaintiff is entitled to, the Court may "conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2); cf. Fed. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."); Jonestown Bank and Trust Co. v. Automated Teller Mach., Services, Inc., 2012 WL 6043624, *4 (M.D. Pa. 2012) (citing 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed. 2010) ("[T]he 'hearing' may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue.")). Plaintiff requests that the Court hold a damages hearing because her damages cannot be made certain by computation. (Docket No. 5 at 5.) Even though a supplemental proceeding may be necessary to establish Plaintiff's damages, in her motion for default judgment, Plaintiff must still articulate the nature of her damages in accord with the type of damages that are available under the ADA and ADEA.

WHEREAS in light of those deficiencies, this Court finds it cannot properly enter default judgment at this time; but

WHEREAS this Court finds that those deficiencies may be cured through further briefing;

THEREFORE,

IT IS on this __4th__ day of __June__, 2019

ORDERED that Plaintiff's Motion for Default Judgment [5] be, and the same hereby is, DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff shall file a new motion for default judgment which addresses the deficiencies noted herein within thirty (30) days of this Order.

At Camden, New Jersey

                                            s/ Noel L. Hillman
                                          NOEL L. HILLMAN, U.S.D.J.