**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

LYDIA DEJESUS,

               Plaintiff,

     v.

KIDS ACADEMY, INC.,
doing business as
KIDACADEMY LEARNING CENTER,
and GOLDBIL INVESTMENT CORP.,
doing business as
KIDACADEMY LEARNING CENTER,

               Defendants.

1:18-cv-13822-NLH-AMD

**OPINION**

---

**APPEARANCES:**

JULIA W. CLARK
ARI R. KARPF
KARPF KARPF & CERUTTI PC
3331 STREET ROAD
TWO GREENWOOD SQUARE
SUITE 128
BENSALEM, PA 19020

    *On behalf of Plaintiff*

ALVARO HASANI
FISHER & PHILLIPS
430 MOUNTAIN AVENUE
SUITE 303
MURRAY HILL, NJ 07974

WILLIAM WHITMAN (admitted *pro hac vice*)
WHITMAN, LLC
1001 OLD CASSATT RD., STE. 104,
BERWYN, PA 19312

    *On behalf of Defendants*

**HILLMAN**, District Judge

Plaintiff, Lydia DeJesus, filed a complaint on September 12, 2018 against her former employer, Defendants, Kids Academy, Inc. and Goldbil Investment Corp., for their alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq.[1]  Defendants were served with Plaintiff's complaint and failed to respond.  On December 3, 2018, Plaintiff requested that the Clerk enter default against Defendants.  The Clerk entered default on December 4, 2018.

On April 21, 2020, the Court granted Plaintiff's motion for default judgment on all her claims.  (Docket No. 9.)  The Court entered judgment in Plaintiff's favor and against Defendants as to Defendants' liability, and determined that Plaintiff was entitled to back pay, front pay, damages, and attorney's fees and costs, as set forth in the accompanying Order.  (Docket No. 10.)  The Court reserved decision on whether Plaintiff was entitled to punitive

---

[1] This Court has original federal question jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey state law claim pursuant to 28 U.S.C. § 1367(a).

damages pending a supplemental submission by Plaintiff to quantify an award of damages and attorney's fees.  On May 19, 2020, Plaintiff submitted her supplemental materials.[2]  (Docket No. 13.)

On August 20, 2020, Defendants filed the instant motion to vacate the Court's entry of default judgment.  (Docket No. 22.) Plaintiff has opposed Defendants' motion.  (Docket No. 25.)

For the reasons expressed below, the Court will vacate the Order granting default judgment to Plaintiff, but the Court will impose sanctions on Defendants in the amount of attorney's fees and costs associated with Plaintiff's efforts to secure a default judgment against Defendants and oppose their motion to vacate.

## DISCUSSION

The Court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55.  Rule 60(b) provides,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[2] Plaintiff's proposed judgment seeks $8,310 in attorney's fees, $603.01 in costs, $56,179.93 in lost wages, $56,179.93 in liquidated damages under the FMLA, $56,179.93 in liquidated damages under the ADEA, with back pay, front pay, and punitive damages to be determined.  The total judgment facing Defendants is $177,452.80, in addition to being liable to Plaintiff for back pay, front pay, and possibly punitive damages.

3

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Defendants have moved to set aside the judgment entered against them pursuant to Rule 60(b)(1).  For a motion based on Rule 60(b)(1), the Court must consider: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.  Budget Blinds, Inc. v. White, 536 F.3d 244, 256 (3d Cir. 2008)(quoting United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).  An additional factor the Court may consider is the effectiveness of alternative sanctions.  Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73-74 (3d Cir. 1987) (citing Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984)) (other citations omitted) (explaining that the Third Circuit "has time and again reiterated that in exercising our appellate function to determine

4

whether the trial court has abused its discretion in dismissing, or refusing to lift a default, we will be guided by the manner in which the trial court balanced certain enumerated factors" (alterations and quotations omitted)).

The Third Circuit has "consistently [] emphasized the extreme nature of a . . . default judgment," and has "repeatedly [] stated our preference that cases be disposed of on the merits whenever practicable." Mrs. Ressler's Food Products v. KZY Logistics LLC, 675 F. App'x 136, 137-38 (3d Cir. 2017) (quoting Poulis, 747 F.2d at 867; Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)) (alterations and quotations omitted).  Because entry of a default judgment is an "extreme sanction," the entry of such a judgment is generally disfavored.  Id. (citing Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984); Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983)).  "[I]n a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits."  Id. (quoting Gross, 700 F.2d at 122).  "Nevertheless, even though we have adopted a policy disfavoring default judgments and encouraging decisions on the merits, . . . the decision to vacate a default judgment is left to the sound discretion of the trial court."  Id. (quoting Harad v. Aetna Cas. and Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245

(3d Cir. 1951)).

The Court will first consider whether Defendants have
meritorious defenses to Plaintiff's claims, and then the Court
will assess the culpability of Defendants' conduct and the
prejudice to Plaintiff.

### A.   Existence of meritorious defense

"A claim, or defense, will be deemed meritorious when the
allegations of the pleadings, if established at trial, would
support recovery by plaintiff or would constitute a complete
defense." Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863,
869-70 (3d Cir. 1984); accord $55,518.05 in U.S. Currency, 728
F.2d at 195; Feliciano, 691 F.2d at 657; Farnese v. Bagnasco, 687
F.2d 761, 764 (3d Cir. 1982).

Defendants contend that they have the following meritorious
defenses to Plaintiff's claims:

- Plaintiff failed to exhaust her administrative remedies
  prior to filing suit for her claims under the ADA and
  ADEA.

- Plaintiff's FMLA claims fail because she does not allege
  the requisite facts to support her retaliation and
  interference claims.

- Plaintiff's ADA and NJLAD claims based on her alleged
  disability fail because she was not a qualified person
  with a disability.

- Plaintiff cannot establish a claim for discriminatory
  discharge under the ADEA or the NJLAD.

6

- Plaintiff's claim for retaliation under the NJLAD fails because she did not engage in a protected activity.

(Docket No. 22-1 at 10-19.)

In analyzing Plaintiff's motion for default judgment, the Court detailed the applicable standards for pleading and proving each of Plaintiff's claims. (Docket No. 9 at 11-23.) The Court found that the allegations in Plaintiff's complaint, when accepted as true and undisputed by Defendants, met all the elements to support Defendants' liability for those claims. (Id.)

In considering Defendants' motion to vacate default judgment and the defenses raised by Defendants however, the Court finds that Defendants present valid defenses to Plaintiff's claims which, if proven, could result in judgment in Defendants' favor. Consequently, the Court finds that Defendants' motion to vacate default judgment satisfies the meritorious-defense factor of the Rule 60(b)(1) analysis.

### B.   Defendants' conduct / Prejudice to Plaintiff

The Court must determine whether Defendants' failure to appear in this action is a result of their own culpable conduct, and weigh that finding in consideration of whether Plaintiff will be prejudiced if default judgment is vacated.

As for Defendants' conduct, it is clear from the timeline of events and multiple notices to Defendants that Defendants intentionally ignored Plaintiff's suit against them – until

7

judgment as to liability had been entered and they were facing a

monetary judgment of $177,452.80, in addition to being liable to

Plaintiff for back pay, front pay, and possibly punitive damages.

Plaintiff's opposition to Defendants' motion to vacate

default judgment relates the numerous times Defendants were

notified of these proceedings, including the entry of default and

the filing of Plaintiff's motion seeking default judgment:

- Plaintiff attempted service of process on Defendants by sending a copy of the Complaint in the above-captioned matter to Defendants via Waiver of Service on September 12, 2018.  Because Defendants failed to sign and return Plaintiff's Waivers of Service and/or otherwise appear, Plaintiff was thereafter forced to serve Defendant personally.

- Accordingly, on November 8, 2018, a copy of the Summons and Complaint was served via personal service on Paula Pezzolle (Agent, Co-Director of Defendant Kids Academy, Inc.) at Defendant's business address of 798 Woodlane Road, Westampton, NJ 08061. On November 7, 2018, a copy of the Summons and Complaint was served via personal service on Melanie Sofkes (Agent, Director of Defendant Goldbil Investment Corp.) at Defendant's business address of 700 Atrium Way, Mount Laurel, NJ 08054.

- On December 3, 2018 Plaintiff filed a request for an entry of default and on December 4, 2018 the clerk entered default.

- On December 4, 2018, following the Clerk's entry of default, Counsel for Plaintiff then mailed a copy of the Entry of Default to Defendants along with a letter explaining that Plaintiff would move for default judgement if Defendants did not take some action in this matter.

- On February 7, 2019 Counsel for Plaintiff mailed Defendants a file-stamped copy of Plaintiff's Motion for Default Judgment (with all attached exhibits), along with another

letter advising Defendants that they should retain counsel and explaining the implications of Defendants' further failure to participate in the default proceedings.

- On July 9, 2019 Counsel for Plaintiff mailed Defendants a file-stamped copy of Plaintiff's Second Motion for Default Judgment (with all attached exhibits), along with a letter strongly encouraging Defendants to seek out legal counsel in this matter.

- On May 20, 2020 Defendants were mailed a copy of the Court's April 21, 2020 Order and Opinion and Plaintiff's Supplemental Motion.

(Docket No. 25 at 5-6.)

Defendants present the following excuse for their inaction:

Michael Golden, defendant's founder and owner, asserts that Defendant Goldbil's lack of timely responses and appearances in this matter were due to excusable neglect, rather than intentional.  He states that "[a]side from the initial complaint in 2018 and then the Judgment in or around May 2020, [he] never received notices of any of the events or filings in this case, and that is why [he] did not respond."  Mr. Golden resides full-time in Florida, and oversees the financial part of the business.  He hires child care and management professionals to assist him with the day-to-day operations and management of the day-care centers, while living and working in Florida year-round.

In September or October 2018, when Mr. Golden became aware of this case, he immediately reached out to the Plaintiff to try to negotiate a resolution through settlement, directly with her.  But he never heard back from her.

After December 2018, Mr. Golden never received any other filings or documents in this matter, until receiving the April 21, 2020, Order granting a default judgment against Goldbil.  Having not heard back from Plaintiff after reaching out, and having never received any documents related to this case, Mr. Golden thought the plaintiff had decided against pursuing it.  Mr. Golden did not receive copies of Plaintiff's February 2019 or July 2019 motions for default judgment against Goldbil and was unaware of it being filed until May or June 2020.  Debra Simmons, Goldbil's Regional

Director also asserts never having received filings or
documents in this matter after December 2018.

(Docket No. 22-1 at 20-21.)

Even accepting that Defendants did not receive any documents
regarding this litigation between the November 2018 receipt of
Plaintiff's complaint and the April 2020 default judgment Order,[3]
Defendants admit that they were aware of Plaintiff's pending
federal court action against them, yet they took no action.
Indeed, Golden sent Plaintiff a text message on December 19, 2018,
stating, "Call me Lydia . . . this is the only way you will
receive anything financially.  Lawyers will never get you a dime
in your life time."  (Docket No. 7 at 4; Docket No. 26 at 136.)

Generally speaking, a properly served defendant who
intentionally ignores that a complaint has been filed against him
does not present a justifiable excuse for failing to respond.
This principle is applicable to *pro se* defendants,[4] so it is

---

[3] As outlined by Plaintiff, Defendants were sent the various
filings via certified mail at Defendants' locations in
Westhampton, New Jersey (where Plaintiff had worked) and in
Marlton, New Jersey.  Golden and Simmons both proclaim they did
not receive anything from Plaintiff other than Plaintiff's
complaint and the default judgment Order, but the complaint and
the Court's Order were also delivered to those locations, and
Golden and Simmons admit that they received those documents.  The
Court questions how those two documents made it to Golden and
Simmons, but the other documents did not.

[4] In anticipation that a defendant may be unaware of what to do
when he or she is served with a complaint, the accompanying
summons, which is required to be served on the defendant in order

especially true where the defendant is a business, and the served
party is the business's "founder and owner" who "hires child care
and management professionals to assist him with the day-to-day
operations and management of the day-care centers." See, e.g.,
Tr. of Liberace Revocable Trust v. Silver Screen Video, Inc., 1992
WL 349629, at *2 (D.N.J. Nov. 2, 1992) (citing United Bank of
Kuwait P.L.C. v. Enventure Energy, 755 F. Supp. 1195, 1205
(S.D.N.Y. 1989)) ("A default is deemed willful where a defendant
simply ignores the complaint without action."); Braverman Kaskey,
P.C. v. Toidze, 599 F. App'x 448, 453 (3d Cir. 2015) (finding that
the district court did not abuse its discretion in denying
Toidze's Rule 55(c) motion to vacate the default judgment when it

---

to constitute proper service, see Fed. R. Civ. P. 4(c)(1), informs
the defendant:

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not
counting the day you received it) -- or 60 days if
you are the United States or a United States Agency, or an
office or employee of the United States described in
Fed. R. civ. P. 12 (a)(2) or (3) -- you must serve on the
plaintiff an answer to the attached complaint or a motion
under rule 12 of the Federal Rules of Civil Procedure.  The
answer or motion must be served on the plaintiff or
plaintiff's attorney, whose name and address are:

**If you fail to respond, judgment by default will be entered
against you for the relief demanded in the complaint.** You
also must file your answer or motion with the court.

(See Docket No. 1-2, emphasis added.)
11

determined that Toidze's conduct in ignoring the action was
culpable and not merely negligent, because BK emailed Toidze at
atmayatoidze@gmail.com in an attempt to notify her of the pending
litigation, and despite her claim that this email address was
abandoned, her present counsel used that address to communicate
with her in September 2012, long after BK had emailed Toidze at
the same address in November of 2010); Smith v. Kroesen, 2016 WL
5402211, at *4 (D.N.J. 2016) ("Even accepting as true that [the
pro se defendant] had never been sued, was unfamiliar with the
documents sent to him, and was never advised to appear in court on
a particular date, ignoring legal documents and service of a
complaint simply because they were new and unfamiliar cannot
absolve a properly served defendant from the ramifications of
burying his head in the sand."); E. Armata, Inc. v. 27 Farmers
Market, Inc., 2009 WL 2386074, at *4 (D.N.J. 2009) (denying the
defendant's motion to vacate default, finding "it would seem that
individual defendants' delay did result from culpable or dilatory
conduct in that they cite their unfamiliarity with English despite
their conducting business in New Jersey for several years").

    While it is evident that Defendants made a willful decision
to ignore Plaintiff's suit against them, Defendants have met their
burden of establishing viable defenses to Plaintiff's claims, as
discussed above.  Thus, because there is a general policy

disfavoring default judgments and encouraging decisions on the merits, Harad, 839 F.2d at 981, the Court must consider the prejudice to Plaintiff if default judgment is vacated.

Prejudice is found where "a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." Walsh v. Household Finance Corp. III, 2016 WL 1394435, at *2 (D.N.J. 2016) (quoting Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523-24 (3d Cir. 2006) (citing Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982)). "Mere delay in the adjudication of a claim does not by itself establish prejudice." Id. (citing Feliciano, 691 F.2d at 656-57) ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding.").

Plaintiff recognizes that delay alone is insufficient to show prejudice, but points out that the two-year passage of time since Plaintiff first filed this case can affect memories, result in a loss of documentation, and render potential witnesses unavailable. She also argues that most likely this matter would have been fully litigated had Defendants simply done what was required years ago. Plaintiff argues that denial of Defendants' motion is an

appropriate sanction for their culpable conduct.  As an
alternative, Plaintiff seeks attorney's fees and costs that their
intentional inaction has caused.

The Court does not find that Plaintiff has suffered
prejudice in the sense that the prosecution of her claims against
Defendants would be materially affected by proceeding now in the
usual course of litigation as if default and default judgment had
not occurred.  Plaintiff has not shown that there has been a loss
of available evidence, there is an increased potential for fraud
or collusion, or she has substantially relied upon the judgment.

The Court does find, however, that Defendants' intentional
disregard of Plaintiff's case has resulted in unnecessary
attorney's fees and costs, as well as a waste of Plaintiff's - and
this Court's - time.  Rather than denying Defendants' request to
vacate default judgment, the Court finds that Defendants' actions
warrant "alternative sanctions," Emcasco, 834 F.2d at 74, in the
form of the attorney's fees and costs Plaintiff has expended in
pursuing default, default judgment, and opposing Defendants'
motion to vacate.  See Bank v. Lake Estates Condominium Assoc.,
Inc., 2012 WL 1435637, at *7 (D.N.J. 2012) (observing that some
courts consider alternative sanctions to granting default
judgment, such as granting attorney's fees to the non-defaulting
party) (citing Titus, 695 F.2d at 750 (explaining that

14

"alternative sanctions" "include a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, and dismissal of the suit unless new counsel is secured," and adding "that district courts may also consider as sanctions the preclusion of claims or defenses, or the imposition of fees and costs [against a culpable attorney] under 28 U.S.C. § 1927")) (other citations omitted).

Defendants were properly served with Plaintiff's complaint, and instead of filing an answer or otherwise responding to Plaintiff's claims, Defendants sent Plaintiff, who was represented by counsel, a seemingly extortionist and threatening text message. When they received no response, Defendants assumed Plaintiff went away.  She did not.  Plaintiff diligently pursued the only course of action available to her to attempt to vindicate her employment discrimination and retaliation claims against her former employer. Under the circumstances of this matter thus far, the attorney's fees and costs expended by Plaintiff's legitimate efforts to pursue this matter diligently must be borne by Defendants.

## CONCLUSION

The Court will grant Defendants' motion to vacate the April 21, 2020 default judgment entered against them, but at the same

time the Court will order Defendants to reimburse Plaintiff's attorney's fees and costs as an alternative sanction for their culpable conduct.  In her supplemental submission to her motion for default judgment and in her opposition to Defendants' motion to vacate default judgment, Plaintiff's counsel has provided billing records and an accounting of costs in the pursuit of default judgment, and in opposition to Defendants' motion to vacate.  (Docket No. 13 at 21-23; Docket No. 25 at 11-12.)

For those efforts, Plaintiff's counsel has incurred $4,260 in attorney's fees and $80.20 in costs – totaling $4,340.20.  The Court has reviewed those submissions and finds the attorney's fees and costs to be reasonable and an appropriate sanction under the circumstances presented here.

An appropriate Order will be entered.

Date:   December 16, 2020              s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.